UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------x

| | |
|---|---|
| GABRIELLE MONACO, on behalf of herself and other similarly situated individuals,<br><br>     Plaintiff,<br><br>     v.<br><br>THE HISTORIC OLD BERMUDA INN, INC., and JOHN VINCENT SCALIA, SR.,<br><br>     Defendants. | Civ. Action No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

---------------------------------------------------------------------------x

Plaintiff Gabrielle Monaco, by her attorneys Giskan Solotaroff & Anderson LLP, and on behalf of herself and other similarly situated current and former banquet servers employed by Defendant, The Historic Old Bermuda Inn, Inc. ("Old Bermuda Inn"), and Defendant, John Vincent Scalia Sr., (collectively "Defendants") alleges as follows:

**NATURE OF THE ACTION**

1.     Plaintiff Gabrielle Monaco, an employee at the Old Bermuda Inn, alleges on behalf of herself, and other similarly situated, current and former employees who worked at the Old Bermuda Inn as banquet servers and who elect to opt into this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216 (b), that they are: (i) entitled to unpaid gratuities unlawfully retained by Defendants and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

2. Plaintiff Monaco also alleges that she, along with a class of current and former banquet servers, is entitled to unlawfully retained gratuities and liquidated damages under New York State Labor Law.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216 (b).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff Gabrielle Monaco is an adult individual who resides in Staten Island, New York.

7. Defendant The Historic Old Bermuda Inn, Inc. is a New York corporation with its principal place of business in Staten Island, New York.

8. Defendant John Vincent Scalia Sr., is, and has been at all relevant times, the owner and chief executive officer of The Old Bermuda Inn. As set forth below, Defendant Scalia is an employer within the meaning of the FLSA and the New York Labor Law.

**FACTS**

9.     The Old Bermuda Inn is a banquet hall located in Staten Island, New York. It hosts and serves food and beverages at weddings, birthday parties, school and corporate events, and other types of occasions.

10.     The Old Bermuda Inn customarily charges customers a standard service fee of 20 percent of the food and drink order. The Old Bermuda Inn represents to customers and potential customers that this 20 percent fee is given to its servers and accordingly, there is no need for customers to tip these employees directly.

11.      Plaintiff Monaco was employed as a banquet server for the Old Bermuda Inn beginning in April 2018. She generally works two to four events a week. When hired, Plaintiff Monaco was told that that she would receive a flat payment for each event worked, based on the type of event worked, anywhere from $70 for a school party to $130 for a large wedding.

12.     Plaintiff Monaco has, except for a few occasions, not received tips from any customers at the Old Bermuda Inn. Despite the fact that the Old Bermuda Inn represents to customers that the 20 percent it collects from them is distributed to the staff, Plaintiff Monaco has received no portion of that amount. Based on conversations Plaintiff Monaco has had with other servers at the Old Bermuda Inn, other servers have also not received any portion of the 20 percent service fee.

13.     Instead, as Plaintiff Monaco was told at her interview, Plaintiff Monaco and other servers are compensated with a flat rate based on the number and type of events they work each week. This payment is made partially by a bi-weekly check and partially by a weekly cash payment.

14. The check is accompanied by a stub, both of which are identical from week to week. The stub always states that Plaintiff Monaco worked 14 hours in the pay period at an hourly rate of $8.65 even though Plaintiff Monaco generally works approximately twice that many hours in a biweekly pay period. The stub also falsely states that Plaintiff Monaco received "Reported Cash Tips" of $150 which are reported as included in her taxable income but then removed from her check. As set forth above, Plaintiff Monaco has not received, except for a few isolated incidents, any cash tips and has certainly not received $150 in any two-week period.

15. In addition to the paycheck, Plaintiff Monaco and other Old Bermuda Inn employees receive every week an envelope with cash. The envelope records which days or nights the employee worked and what the cash payment was for each night. The amount of the cash payment depends on the type of event the employee worked. For example, the payment for working a school event would be $70 while the payment for working a wedding would be $110 or $130.

16. Since the cash payment is standard based on the type of event, it is clearly not Plaintiff Monaco's share of the 20 percent service fee as that would vary week to week based on the food and beverage costs of the event and the number of servers assigned to work the event.

17. Accordingly, Defendants are retaining all or part of the service fee in violation of federal and state law.

18. On information and belief, the source of which is Defendant Scalia's identification on The Old Bermuda Inn's New York State filings as its Chief Executive Officer, Defendant Scalia was actively involved in determining that Plaintiff Monaco and the other servers would not receive the service fee collected by the Old Bermuda Inn.

19. Defendants willfully failed to pay Plaintiff and other servers the service fee charged Defendants' customers. Defendants' willfulness is clearly established by the false statements they make on the pay stubs for Plaintiff Monaco and the other servers that they received $150 in cash tips, when in fact the servers do not receive cash tips.

## COLLECTIVE ACTION ALLEGATIONS

20. On information and belief, the source of which is Plaintiff Monaco's experience working at the Old Bermuda Inn and her communications with other servers, Defendants did not pay its servers all, or possibly any, of the 20 percent service fee it collected from its customers during some or all of the class period.

21. Pursuant to 29 U.S.C. § 207, Plaintiff Monaco seeks to prosecute her FLSA claims as a collective action on behalf of all persons who are or were employed as servers and who have not been paid service charges collected by Defendants from customers in violation of the FLSA (the "Collective Action Members") at any time since July 18, 2015 to the entry of judgment in this case (the "Collective Action Period").

22. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than 40 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

23. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment

law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this collective action.

24. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

25. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

> A. Whether Defendants employed the Collective Action Members within the meaning of the FLSA;
>
> B. Whether Defendants failed to pay the Collective Action Members service charges in violation of the FLSA and the regulations promulgated thereunder;
>
> D. Whether Defendants' violations of the FLSA is willful as that term is used within the context of the FLSA;
>
> E. Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs and disbursements and attorneys' fees; and
>
> G. Whether Defendants should be enjoined from violations of the FLSA in the future.

26. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## **CLASS ACTION ALLEGATIONS**

27. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

28. On information and belief, the source of which is Plaintiff Monaco's experience working at The Old Bermuda Inn and her communications with other servers, Defendants did not pay service charges collected from its customers to its servers during some or all of the class period.

29. Plaintiff brings New York Labor Law claims on behalf of all persons who are or were employed by The Old Bermuda Inn as servers in the State of New York and who were not paid service charges collected by the Old Bermuda Inn from its customers in violation of the New York Labor Law (the "Class") at any time since July 18, 2012, to the entry of judgment in this case (the "Class Period").

30. The persons in the Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are at least 40 members of the Class during the Class Period.

31. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court.

32. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

33. Plaintiff Monaco is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

34. Plaintiff Monaco has the same interests in this matter as all other members of the Class, and Plaintiff Monaco has no interest that is contrary to or in conflict with the members of the Class.

35. Plaintiff Monaco's claims are typical of the Class.

36. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    A. Whether Defendants employed the members of the Class within the meaning of the New York Labor Law;

    B. Whether Defendants failed and/or refused to pay the members of the Class service charges collected by Defendants from their customers;

    C. Whether Defendants are liable for all damages claimed hereunder, including, but not limited to, compensatory, liquidated and statutory damages, interests, costs and disbursements and attorneys' fees; and

    D. Whether Defendants should be enjoined from such violations of the New York Labor Law in the future.

**FIRST CAUSE OF ACTION**
**(FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201 *et seq.*)**

37. For this cause of action, "Plaintiff(s)" refers to the named Plaintiff Monaco and any other employee of The Old Bermuda Inn who file individual consents to sue in this action. Plaintiff alleges and incorporates by reference the allegations contained in the foregoing paragraphs.

38. Plaintiff Monaco consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff Monaco's written consent is attached hereto and incorporated by reference.

39. At all times relevant to this action, Plaintiff Monaco was employed by Defendants within the meaning of the FLSA.

40. At all times relevant to this action, Plaintiff Monaco was engaged in commerce and/or The Old Bermuda Inn was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a).

41. Defendants willfully retained and failed to pay Plaintiffs gratuities they collected from their customers in violation of the Fair Labor Standards Act, 29 U.S.C. § 203(m)(2)(B).

42. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid service charges, liquidated damages, attorneys' fees and costs of this action pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### (NEW YORK LABOR LAW §§ 190 *et seq*, 650 *et seq*)

43. Plaintiff alleges and incorporates by reference the foregoing allegations.

44. At all times relevant to this action, Plaintiff and the putative class were employed by Defendants within the meaning of New York Labor Law §§ 2, 190 and 651.

45. Defendants willfully violated the rights of Plaintiff and the putative class by failing to pay them service charges received by Defendants from their customers in violation of the New York Labor Law §196-D and the accompanying regulations, N.Y.C.R.R. §146.

46. Due to Defendants' New York Labor Law violations, Plaintiff and the putative class is entitled to recover from Defendants, jointly and severally, their unpaid gratuities,

attorneys' fees and costs pursuant to New York Labor Law §§ 198, 663(1) and the New York State Department of Labor regulations.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the putative class respectfully request that this Court grant the following relief:

A. Certify this case as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3);

B. Declare Defendants' conduct complained of herein to be in violation of the Plaintiff's rights under the FLSA and New York State Labor Law;

C. Award Plaintiff and the putative class their unpaid gratuities under the FLSA;

D. Award Plaintiff and the putative class their unpaid gratuities pursuant to the New York State Labor Law and the New York State Department of Labor Regulations;

E. Award Plaintiff and the putative class liquidated damages due to Defendants' willful failure to pay them gratuities pursuant to 29 U.S.C. § 216;

F. Award Plaintiff and the putative class liquidated damages pursuant to New York Labor Law §198(1-a).

F. Award Plaintiff and the putative Class prejudgment interest;

G. Award Plaintiff and the putative Class attorneys' fees and the costs of this action; and

H. Such other relief as the Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
July 18, 2018

                Respectfully submitted,

                GISKAN SOLOTAROFF & ANDERSON LLP

/s
By: _____
Jason L. Solotaroff
217 Centre Street, 6th Floor
New York NY 10013
(212) 847-8315
*Attorneys for Plaintiff*