UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

| | |
|---|---|
| GABRIELLE MONACO, on behalf of herself and other similarly situated individuals,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>THE HISTORIC OLD BERMUDA INN, INC., and JOHN VINCENT SCALIA, SR.,<br><br>　　　　　Defendants. | **MEMORANDUM & ORDER**<br><br>18 Civ. 4101 (VMS) |

-----------------------------------------------------------x

**VERA M. SCANLON, United States Magistrate Judge:**

　　　　Before the Court is Plaintiffs' Motion for Final Approval of the Parties' Class Action Settlement Agreement and Class Counsel's Fees and Expenses (the "Final Approval Motion"). Plaintiff Gabrielle Monaco brought suit, on behalf of herself and others similarly situated, against her employers, the Historic Old Bermuda Inn, Inc. and John Vincent Scalia, Sr., (collectively, "Defendants") alleging violations of the Fair Labor Standards Act (the "FLSA") and the New York Labor Law ("NYLL") in connection with the method by which Defendants paid gratuities to putative class members. See generally Compl., ECF No. 1. The Parties reached a settlement agreement and moved for the Court's approval.

　　**I.　BACKGROUND**

　　　　After the Parties entered into a Settlement Agreement, ECF No. 21, Plaintiffs moved for the Court's preliminary approval of a class action settlement, ECF No. 23. After a preliminary approval hearing, the Parties revised the agreement at the Court's direction, and they provided Court-approved notice of the preliminarily approved agreement to the putative class. Plaintiffs subsequently filed a motion seeking final approval of the Settlement Agreement, see ECF Nos.

1

31-33, and the Court held a Final Fairness Hearing, see ECF No. 34.  The Court raised several questions during the Final Fairness Hearing, which counsel addressed in a letter attaching a revised Settlement Agreement, ECF No. 36-5 ("Revised Agreement").  The Court has reviewed the Revised Agreement and finds it fair and reasonable.

II.   ANALYSIS

   IT IS HEREBY ORDERED THAT:

   a.   The Settlement Class Satisfies Rule 23

1. The Court certifies the following class under Federal Rule of Civil Procedure 23(e) for settlement purposes (the "Settlement Class"):

> All individuals who performed work in a service capacity at Defendants' catered events during the Settlement Period [July 18, 2012 through May 5, 2019] in such trades, classifications and professions that customarily receive gratuities including, but not limited to servers, waiters, bartenders, captains, bussers, and runners.

See Revised Agreement § 1.5.

2. Plaintiffs meet all of the requirements for class certification under Rule 23(a) and (b)(3).  See Diaz v. Eastern Locating Service Inc., No 10 Civ. 4082, 2010 WL 5507912, at *2-3 (S.D.N.Y. Nov. 29, 2010).

3. Under Federal Rule of Civil Procedure ("Rule") 23(a), a class may be certified only if it is (i) so numerous that joinder of all members is impracticable, (ii) there are common questions of law or fact, (iii) the claims or defenses of the representative parties are typical of those of the class, and (iv) the representative parties will fairly and adequately protect the interests of the class.

4. Plaintiffs satisfy Rule 23(a)(1), numerosity, because the putative class consists of 189 persons, making it sufficiently numerous that joinder of all members is impracticable. Id. at 483 (finding that "numerosity is presumed at a level of 40 members").

5. Plaintiffs satisfy Rule 23(a)(2), commonality. Because the claims asserted on behalf of all Class Members relate to the method by which Defendants allegedly paid gratuities as a regular practice with respect to all class members, there are common questions of law and fact. For example, the question of whether Defendants' gratuity payment practice was in violation of the FLSA or NYLL is a common question of law.

6. Plaintiffs satisfy Rule 23(a)(3), typicality, because the Class Members' (including Ms. Monaco's) claims "arise from the same factual and legal circumstances." Clark v. Ecolab Inc., No. 07 Civ. 8623 (AC), 2010 WL 1948198, at *4 (S.D.N.Y. May 11, 2010).

7. Plaintiffs satisfy Rule 23(a)(4), adequacy of the class representative, because Ms. Monaco's interests are not antagonistic to or at odds with those of the class members, and because class counsel is competent and experienced in this area of law. See id.; Diaz, 2010 WL 5507912, at *3.

8. Plaintiffs also satisfy Rule 23(b)(3) because common questions of law or fact predominate over individual questions, and a class action is a superior method for the fair and efficient adjudication of the controversy. Here, all putative class members are "unified by common factual allegations and a common legal theory." Clark, 2010 WL 1948198, at *4. Further, "[c]lass adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for Class Members, particularly those who lack resources to bring their claims individually." Diaz, 2010 WL 5507912, at *3.

### b. The Agreement Is Fair And Reasonable

9. The Court hereby grants the Motion for Final Approval of the Revised Agreement under Rule 23.

10. Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally and substantively fair, reasonable and adequate. The Revised Agreement provides for class recovery up to $180,000, inclusive of attorneys' fees and costs. Revised Agreement § 1.18. Funds that are not claimed by class members who file a claim form would revert to Defendants. Id. §§ 1.2, 3.2(B). The Revised Agreement also provides for a service award to Ms. Monaco of $9,000. Id. § 3.4. The Court has reviewed the Revised Agreement and, for the reasons set forth below, finds that it is fair, adequate and reasonable.

11. To determine procedural fairness, courts examine the negotiating process leading to the settlement. See Diaz, 2010 WL 5507912, at *3. To determine substantive fairness, courts consider whether the settlement terms are fair, adequate and reasonable according to factors set forth in Rule 23 and in City of Detroit v. Grinnell Corp., 495 F.2d 448 (2d Cir. 1974) (the "Grinnell factors"). See Diaz, 2010 WL 5507912, at *3.

12. "Courts examine procedural and substantive fairness in light of the 'strong judicial policy favoring settlements' of class action suits." Id. at *3 (quoting Wal-Mart Stores, Inc. v. Visa U.S.A. Inc., 396 F.3d 96, 116 (2d Cir. 2005)). Courts should be hesitant to substitute their own judgment for that of the parties who negotiated the settlement absent fraud or collusion. Id.

**Procedural Fairness:**

13. The Revised Agreement is procedurally fair, reasonable and adequate.

14. There is a "presumption of fairness when settlements are reached in arm's-length negotiations between experienced capable counsel after meaningful discovery." Stinson v. City of New York, 256 F. Supp. 3d 283, 288 (S.D.N.Y. 2017).

15. The Revised Agreement was reached as a result of arm's-length negotiations between capable counsel and with the assistance of an experienced neutral third-party mediator, Elliott D. Shriftman (the "Mediator").

**Substantive Fairness:**

16. The Revised agreement is substantively fair.

17. In assessing the substantive fairness of the Revised Agreement, the Court considered the Rule 23(C) and Grinnell factors. The nine Grinnell factors are: (i) the complexity, expense and likely duration of the litigation; (ii) the reaction of the Class to the settlement; (iii) the stage of proceedings and the amount of discovery completed; (iv) the risks of establishing liability; (v) the risks of establishing damages; (vi) the risks of maintaining the class action through the trial; (vii) the ability of the defendants to withstand a greater judgment; (viii) the range of reasonableness of the settlement fund in light of the best possible recovery; and (ix) the range of reasonableness in light of all attendant risks of litigation. See Grinnell, 495 F.2d at 463. The Rule 23(e)(2)(C) elements overlap with the Grinnell factors: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). The Court also considers whether the proposal treats class members equitably relative to each other. See FRCP 23(e)(2)(D).

18. Litigation through trial would be complex, expensive and long. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." In re Austrian & German Bank Holocaust Litig., 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000). This case is no exception, as it would likely involve summary judgment motions and potential claims by Defendants that some employees benefited from their gratuity's practices, creating potential for fact-intensive questions regarding liability and damages. Final Approval Mot., ECF No. 33 at 19-20.

19. The class reaction to the settlement was positive. Class Members received adequate Notice of the Revised Agreement and were advised that they could object or exclude themselves from the Revised Agreement. No Class Member has objected or chosen to be excluded from the class, which implies class approval of the Revised Agreement. Final Approval Mot. at 20; see Diaz, 2010 WL 5507912, at *4.

20. The Parties have completed sufficient investigation to adequately appreciate the merits of the case and knowledgeably negotiate a settlement. The Parties engaged in document discovery to educate themselves about the strengths and weaknesses of the claims prior to settlement.

21. The risk of establishing liability and damages further weighs in favor of final approval as litigation inherently involves risk; in particular, in this case, Plaintiffs have noted the potential for Defendants to claim that their gratuities practices actually benefited certain Class Members.

22. The risk of obtaining and maintaining class status through trial weighs in favor of final approval. Here, Defendants may have challenged class certification, arguing that whether each Class Member was harmed by the gratuity practices is an individual question that should defeat class certification because damages could not be calculated on a class-wide

basis. Final Approval Mot., ECF No. 33 at 20. Settlement eliminates the risk that Plaintiffs face in pursuing and maintaining class certification, the expenses involved in that process, and any potential appeal.

23. Defendants' ability to withstand greater judgment has been raised as a concern by Plaintiffs, who note that Old Bermuda Inn is a family-owned business that likely has limited assets. Final Approval Mot. at 21. Although there is no particular evidence of Defendants' finances has been put forward for the Court's review, based on the evidence before the Court, this factor either weighs in favor of a finding of substantive fairness or is neutral.

24. The amount of settlement also weighs in favor of final approval because, as determined at the Preliminary Approval Hearing, it falls within a range of reasonableness with respect to a settlement, recognizing the risks and costs inherent in litigation. See Diaz, 2010 WL 5507912, at *5.

25. The parties have agreed to use a professional administrator to distribute the funds in an efficient way according to the detailed processes laid out in the settlement.

26. As discussed in the FLSA Approval section below, the attorney's fees requested are fair, reasonable, and consistent with similar awards approved under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

27. Weighing these factors, the Court finds that they collectively weigh in favor of finding the Revised Agreement substantively fair.

28. The Court approves the Revised Agreement.

    **c. FLSA Approval**

29. The Court approves the FLSA settlement.

30. "The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement." Diaz, 2010 WL 5507912, at *6.

31. Courts approve FLSA settlements that are reached as a result of contested litigation to resolve a bona fide dispute. The adversarial nature of a litigated FLSA case is an adequate indicator of the fairness of the settlement. Id. Because the proposed settlement here reflects a reasonable compromise of a contested issue, it is approved. See id.

### d. Attorneys' Fees And Costs

32. As discussed on the record at the Final Fairness Hearing, the Court has concerns about the attorneys' fees in this case and, more specifically, the interplay of attorneys' fees based on a potential class recovery with a reversionary clause perpetuating a much lower actual class recovery than the total settlement amount might suggest.

33. As Justice O'Connor discussed in a decision denying a petition for writ of certiorari, reversionary arrangements "decouple the class counsel's financial incentives from those of the class, increasing the risk that the actual distribution will be misallocated between attorney's fees and the plaintiffs' recovery. They potentially undermine the underlying purposes of class actions by providing defendants with a powerful means to entic[e] class counsel to settle lawsuits in a manner detrimental to the class." Int'l Precious Metals Co. v. Waters, 120 S. Ct. 2237, 2237-38 (2000). Specifically, "a defendant may have an incentive to settle for a nominally high amount under a reversionary structure, because much of that settlement will eventually return to the defendant's coffers. Class counsel also have incentives to acquiesce in such arrangements if an attorney's fees award is calculated based

on the gross settlement amount prior to reversion." Grice v. Pepsi Beverages Co., 363 F. Supp. 3d 401, 410 (S.D.N.Y. 2019).

34. Here, Plaintiffs' counsel seeks $54,408.38 in fees and $5,591.62 in costs, for a total of $60,000 or approximately 33% of the full potential recovery.

35. Despite its very serious concerns, the Court finds – with some reservation – that in this particular case, the possibility that the Parties' counsel came to a self-serving agreement is de minimis for several reasons. First, the total amount of counsel's recovery is not large. Second, calculating the lodestar using hourly rates in line with those typically approved in this District,[1] results in attorneys' fees of $55,480 – more than the fee amount sought by Plaintiffs' counsel. See ECF No. 36-3. Third, the Revised Agreement was reached with the oversight and assistance of the very experienced and capable Mediator.

36. Because the Court finds it unlikely that the Revised Agreement was collusive, and the fees requested are, as a general matter, reasonable, the Court approves attorneys' fees in the amount of $54,408.38 and costs in the amount of $5,591.62. In the future, counsel are strongly encouraged to avoid reversionary agreements similar to the Revised Agreement.

**III. CONCLUSION**

For the reasons set forth above and on the record at the Final Fairness Hearing, the Court approves the Revised Agreement at ECF No. 36-5 as fair, reasonable and adequate, and certifies the Settlement Class under Federal Rule of Civil Procedure 23 for settlement purposes. The Court approves the requested service award of $9,000.00 to named plaintiff, Gabrielle Monaco. See Revised Agreement § 3.4. The Court approves attorneys' fees in the amount of $54,408.38,

---

[1] The Court adjusts the partner rates to $450 per hour, rather than the $600 per hour proposed by Plaintiffs' counsel, as appropriate for an FLSA case in this District.

and costs in the amount of $5,591.62.  Within fourteen days of completion of payments to Class

Members and counsel, counsel is to file a letter so confirming.  This action shall be and hereby is

dismissed with prejudice, and this Order shall constitute a judgment for purposes of Rule 58.

SO ORDERED.

Dated:  Brooklyn, New York
       April 3, 2020

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge